THE ROYAL TAILORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 21998.   Promulgated January 10, 1930.

*Joseph R. Little, Esq.*, and *C. D. Hamel, Esq.*, for the petitioner.
*Brooks Fullerton, Esq.*, for the respondent.

732

OPINION. .

LANSDON: The petitioner contends that the cost of its sample books distributed in 1920 should be included in its invested capital and amortized over a period of two years. The evidence as to what extent the useful life of such books extends into the year succeeding their distribution is not clear. The witnesses called by petitioner agree that at least 80 per cent of the yardage sampled in 1920 was sold in that year and that at least 50 per cent of that unsold was re-sampled and included in books issued in the next year. It would seem, therefore, that at the most only 10 per cent of the yardage sampled in 1920 was sold from the same books in 1921. In these circumstances we think true income for the taxable year can be more accurately determined by the method of carrying prepaid charges into assets for 1921 than by any possible adjustments based on the theory that expenditures in question should be capitalized.

The petitioner is under the further disadvantage of failing to prove the dates within the year at which the alleged capital expenditures were incurred and, even if its basic contention is sound, it would be impossible to determine the correct time element for the computation of depreciation and the proration of the cost into invested capital unless the entire amount thereof should be so included for the entire year which, on the face of the record, would be entirely erroneous.

For many years prior to and succeeding the taxable year the petitioner charged the cost of sample books to expense and deducted the amounts thereof from its gross income in computing its liability for Federal income taxes. It now proposes, for the profits-tax years only, that it be allowed to include such costs in the computation of its invested capital, presumably for the purpose of increasing its profits-tax credits. An honest readjustment on the basis sought would neces-

sarily involve the restoration of sample book cost to income in each of the years involved, with a consequent increase in tax liability that might or might not be offset by additional profits-tax credits. The petitioner certainly does not believe that it can be permitted to capitalize the cost of its sample books and at the same time deduct the amount thereof from its gross income as operating expenses, but unless this could be done it is probable that its victory here might be quite expensive.

*Decision will be entered under Rule 50.*